UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL LEE HARVEY, | No. CV-11-3010-JPH |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are cross-Motions for Summary Judgment (ECF No. 18, 20). Attorney Thomas A. Bothwell represents Plaintiff. Special Assistant United States Attorney David I. Blower represents the Commissioner of Social Security (Defendant). The parties consented to proceed before a magistrate judge, ECF No. 6. On April 30, 2012, Plaintiff filed a reply, ECF No. 22. After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Defendant's motion for summary judgment, **ECF No. 20.**

**JURISDICTION**

Plaintiff applied for disability insurance benefits (DIB) and supplemental security income (SSI) benefits in November 2006, alleging disability as of March 1, 2006 (Tr. 89-98). Benefits were denied initially and on reconsideration (Tr. 55-58, 65-66, 68-69). An administrative law judge (ALJ) held a hearing on July 2, 2009. Plaintiff, represented by counsel, and a vocational expert

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

testified (Tr. 29-50). The ALJ denied benefits on July 29, 2009. On December 21, 2010, the Appeals Council denied review (Tr. 1-3), making the ALJ's decision the final decision of the Commissioner. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts of the case are set forth in the record and the parties' briefs, and are only briefly outlined here.

Plaintiff lives alone. He testified he cannot work due to "loss of interest," fighting, and having a lot of issues with coworkers. He lacks energy, has sleep problems, and dislikes being around people (Tr. 36). Plaintiff was 48 years old at onset and 51 at the hearing. He earned a GED and attended at least a year of college. He worked as an institutional cook in nursing homes for more than 20 years, and last worked in November 2004. He was "fired for gossiping about a coworker." Plaintiff last used marijuana in "about 2005" (Tr. 31, 37, 41-43, 173, 279-280, 292). Antidepressants made him "more aggressive" but he was "trying to get on some other ones" (Tr. 43). In November 2006, about eight months after onset, Plaintiff indicated he had used methamphetamine in the past and has had an alcohol problem. He currently drinks two beers per week (Tr. 254).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 2

expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.2001).

    The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416,920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment  meets or equals one of the listed impairments,

plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform this work the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

    The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971); *Meanel v. Apfel*, 172 F.3d 1111. 1113 (9th Cir.1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir.1986). The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir.1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999).

    Plaintiff has the burden of showing that drug and alcohol

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 4

addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir.2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423(d0(2)(C) and 1382 (a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir.2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir.1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985); Tackett, 180 F.3d at 1097 (9th Cir.1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th

Cir.1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger,* 514 F.2d 1112, 1119 n. 10 (9th Cir.1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir.1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir.1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir.1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir.1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir.1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 6

nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.1987).

### ADMINISTRATIVE DECISION

The ALJ found Plaintiff's DIB coverage lasted through December 31, 2009 (Tr. 13, 15, 107). At step one, he found Plaintiff did not engage in substantial gainful activity after onset on March 1, 2006 (Tr. 15). At step two, he found Plaintiff has the severe impairments of major depressive disorder, recurrent, moderate; antisocial personality traits; and polysubstance abuse (DAA) in sustained partial remission (Id.). At step three, the ALJ found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings) (Tr. 16). The ALJ found Plaintiff less than fully credible (Tr. 17). At step four, relying on the vocational expert, the ALJ found Plaintiff is unable to perform past work (Tr. 22). At step five, again relying on the VE, he found Plaintiff can perform other work such as assembly and hand packaging (Tr. 23).

The ALJ concluded Plaintiff has not been under a disability as defined by the Social Security Act Since he applied for benefits on February 27, 2006 (Tr. 23).

### ISSUES

Plaintiff alleges the ALJ failed to properly weigh treating and examining source opinions, and erred at step five (ECF No. 19 at 10-20). Defendant responds that Plaintiff's treating professionals are not "acceptable" sources, the ALJ properly weighed the opinion evidence, and any error at step five is harmless. The Commissioner

asks the court to affirm (ECF No. 21 at 12-20).

**DISCUSSION**

**A. Weighing opinion evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir.1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir.1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir.2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject

an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.,* 44 F.3d 1435, 1463 (9th Cir.1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-752 (9th Cir.1989); *Andrews v. Shalala*, 53 F.3d 1042-1043 (9th Cir.1995).

Plaintiff alleges the ALJ failed to properly credit the opinions of examining psychologist Jennifer Schultz, Ph.D., and therapists Clark[1], Schormann[2], Roger[3], and Anderson[4] (ECF Nos. 19 at 13-18, 22 at 2-6). Defendant responds that the ALJ gave clear and convincing reasons for discounting Dr. Schultz's GAF score and credited some of her opinions. He asserts the ALJ gave germane reasons for discounting the therapists' opinions (ECF No. 21 at 12-28).

After referral by the state department of disability services (DDS), Dr. Schultz examined Plaintiff on January 29, 2007, about ten months after onset (Tr. 172-175). Plaintiff primarily alleges the ALJ should have accepted Dr. Schultz's assessed GAF of 45 indicating

---

[1] Christopher J. Clark, M.Ed. (Tr. 219-224)

[2] Kathleen Schormann, M.A., M.H.P. (Tr. 179-184)

[3] Nikki Roger, L.I.C.S.W. (Tr. 212-218)

[4] Russell Anderson, M.S.W. (Tr. 225-230)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 9

serious impairment in social, occupational, or school functioning.

The ALJ, however, gave greater weight to the "opinion/comment section of her narrative report," where Dr. Schultz opined Plaintiff is able to reason and sustain concentration. His pace is good. Plaintiff reports he is persistent. He can manage finances. Hygiene is fair, as are attention and concentration. Judgment and memory are good. Intelligence is average. Plaintiff is cooperative and maintains good eye contact (Tr. 20, referring to Tr. 174-175). The difficulties identified are in social functioning. The ALJ notes the GAF score is inconsistent with the narrative. (Tr. 20). Internal inconsistency is a clear and convincing reason to reject an opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir.2005).

As the Commissioner points out, the only limitations Dr. Schultz identified are in the realm of social functioning, and the ALJ included these limitations in the assessed RFC (ECF No. 21 at 15). The Commissioner is correct. The ALJ properly weighed Dr. Schultz's opinion.

*Therapists' opinions*

About two weeks before onset, Christopher Clark, M.Ed., evaluated Plaintiff (Tr. 168-171, repeated with additional notes at Tr. 219-224). Mr. Clark notes Plaintiff has not had mental health treatment, is not currently involved in treatment, and has not been prescribed medication (Tr. 168, 171). Mr. Clark diagnosed, in part, DAA in reported remission (Tr. 169). He assessed two marked (misidentified by the ALJ as severe) and six moderate limitations, and opined Plaintiff needs antidepressant medication (Tr. 171).

The ALJ notes the mental status examination results did not

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 10

support the assessed limitations:

> The only significant reported defect was poor concentration; however, all but one subsequent examination showed his concentration was fair. There was no evidence the claimant had impaired judgment and he had average intellect. His recent and remote memory were also fair (Exhibits 1F, 3F/1-2, 9F). Furthermore, the record as a whole does not support such extreme limitations in social functioning."

(Tr. 21).

As noted by the ALJ, Plaintiff uses public transportation and enjoys going to the library, two activities that are inconsistent with extreme limitations in social functioning.

Kathleen Schormann evaluated Plaintiff on February 5, 2007. She assessed moderate, marked and severe impairments (Tr. 180-181). The ALJ points out Ms. Schormann evaluated Plaintiff again less than two months later, on March 21, 2007, but in the later evaluation she determined he had a less severe mental disorder and low substance abuse disorder and did not qualify for treatment (Tr. 21, citing Exhibit 6F). The ALJ gave greater weight to the later evaluation because it more consistent with that of given by an acceptable source, Dr. Schultz (Tr. 21).

Nikki Roger evaluated Plaintiff on December 10, 2007 (Tr. 212-218). Plaintiff alleges the ALJ rejected this opinion because it is inconsistent with Ms. Roger's finding Plaintiff "has average intelligence, good remote memory, normal body movements, and good attention and concentration." ECF No. 22 at 5, citing ECF No. 21 at 17.

Plaintiff takes the ALJ's words out of context. After he considered Ms. Roger's opinion, the ALJ stated:

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 11

> [She] opined the claimant had moderate limitations in his ability to exercise judgment and make decisions, respond appropriately to and tolerate the pressures and expectations of a normal work setting, control motor movements, and maintain appropriate behavior. He also had a moderate to severe limitation in his ability to relate appropriately to coworkers and supervisors. These limitations were not consistent with the evidence reported by Ms. Roger. It was reported the claimant had average intelligence; recent and remote memory were good; body movements were normal; and his attention and concentration were good. The claimant did report wanting to isolate from others. However, he did indicate having a good year despite his depressive symptoms. The trazedone was helping his sleep (Exhibit 8F).

(Tr. 21).

Ms. Roger also opined Plaintiff has physical and emotional problems that need to be resolved prior to return to work (Tr. 215).

The ALJ rejected the more severe limitations in part because they are inconsistent with Plaintiff's own statement he was having a good year, a germane reason specific to Ms. Roger's opinion.

Russell Anderson evaluated Plaintiff on November 12, 2008 (Tr. 225-230). First, Plaintiff alleges the ALJ failed to identify any evidence contradicting Mr. Anderson's assessed limitation in the ability to relate with others, ECF No. 19 at 18; 22 at 6. This argument is unsupported because, as noted, the ALJ incorporated social limitations in the RFC. Second, Plaintiff alleges the ALJ failed to point to evidence contradicting Mr. Anderson's assessed limitation in the ability to tolerate the pressure and expectations of a normal work setting. *Id.*

The ALJ discounted this opinion as inconsistent with Mr. Anderson's examination findings (Tr. 21). The ALJ notes Mr. Anderson opined Plaintiff's ability to exercise judgment was moderately

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 12

limited, yet the mental status report indicates judgment is fair. *Id.* While the mental status examination showed problems with recent memory, attention and concentration, Mr. Anderson provided no objective support. Moreover, the ALJ observes, most evaluations showed Plaintiff's functioning in these areas is fair. *Id.* The ALJ's reason for rejecting more severe limitations are germane and specific to Mr. Anderson.

Perhaps most significant overall is the lack of mental health treatment for allegedly disabling limitations and the ALj's unchallenged negative credibility determination. The ALJ observes Plaintiff stated he had been in treatment for mental health impairments, but the record shows he did not seek mental health counseling until December 12, 2008, and the only medication he took before that was for his sleep disturbance, indicating the "symptoms related to his mental health impairments have not been as significant as he has alleged" (Tr. 17-18).

The ALJ properly weighed the evidence.

**B. Step Five**

Citing S.S.R. No. 82-62, Plaintiff alleges the VE erred at step five by failing to identify specific jobs Mr. Harvey is able to do, and by asking a hypothetical that failed to include all of his limitations (ECF Nos. 19 at 18-20, 22 at 1-6). Defendant responds that Plaintiff erred by citing S.S.R. No. 82-62 rather than S.S.R. No. 82-61. More importantly, no error occurred because a VE testified and the ruling applies when no VE testifies at step four, and the hypothetical contained all of Mr. Harvey's limitations supported by substantial evidence (ECF No. 21 at 18-20).

The Commissioner is correct in both respects. The ruling does not apply. *See* S.S.R. No. 82-61 ("For those instances where available documentation and vocational resource material are not sufficient *to determine how a particular job is usually performed*, it may be necessary to utilize the services of a vocational specialist or expert")(italics added).

The ALJ's hypothetical included Plaintiff's supported mental limitations. The VE testified a person with these limitations "would be able to perform a broad range of unskilled work" (Tr. 45). He went on to identify assembly occupations, as well as hand packers and packagers (Tr. 46).

A hypothetical question posed to a vocational expert must contain "all of the limitations and restrictions" that are supported by substantial evidence. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir.1989); *see also Rollins v. Massanari*, 261 F.3d 853, 863 (9th Cir. 001). "If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value." *Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir.2001).

The ALJ included psychological imitations in the hypothetical:

> He has no exertional limitations. In a drug and alcohol free environment he presents with depressive characteristics, making him unable to reliably engage in high level social interaction with significant collaboration with others as part of his or her work activities. He would also likely have difficulty with frequent travel as part of a job, and in adapting to significant changes in the work setting or working independently of some supervision or structure as opposed to setting his own schedule, etc. He can engage in perfunctory social discourse without significant difficulties, has no thought disorder, and is able to concentrate and maintain alertness on basic work activities, especially those of a repetitive, predictable and routine nature.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 14

(Tr. 44-45).

The ALJ properly included supported limitations in the hypothetical he asked the vocational expert. To the extent Plaintiff restates his allegation the ALJ improperly weighed the evidence, the court has found no error.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 20,** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, **ECF No. 18,** is **DENIED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **DEFENDANT** and the file **CLOSED.**

DATED July 13th, 2012.

                                      S/James P. Hutton
                                      JAMES P. HUTTON
                      UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 15